IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00403-WJM-BNB

JAY CLEARY,

Plaintiff,

v.

THE BOEING COMPANY EMPLOYEE HEALTH AND WELFARE BENEFIT PLAN (PLAN 503) and
EMPLOYEE BENEFIT PLANS COMMITTEE,

Defendants.

_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion to Use the Appendix F.1 Scheduling Order Form** [Doc. # 25, filed 5/24/2011] (the "Motion"), which is DENIED.

The action was commenced by the filing of a Complaint and Jury Demand [Doc. # 1] (the "Complaint"). The Complaint asserts two claims under the Employee Retirement Income Security Act ("ERISA"): (1) a benefits claim under 29 U.S.C. § 1132(a)(1)(B) alleging the wrongful denial of long-term disability benefits; and (2) a penalties claim under 29 U.S.C. § 1132(c) alleging a failure to provide plan documents as required under ERISA. The Complaint includes a jury demand.

This court has adopted a special form of scheduling order for use in ERISA and other cases involving review of administrative records. See App. F.2, D.C.COLO.LCivR. The plaintiff first argues that use of the F.2 scheduling order form would deprive him of due process because his right of discovery would be impeded. I disagree.

Discovery in ERISA cases where the district court is reviewing a plan administrator's decision is more limited than in civil actions asserting other kinds of claims because evidence beyond the administrative record generally is neither relevant to the claims and defenses asserted nor reasonably calculated to lead to the discovery of admissible evidence.  <u>Murphy v. Deloitte & Touche Group Ins. Plan</u>, 619 F.3d 1151, 1157 (10th Cir. 2010).  Discovery may be allowed under certain circumstances, however, and the F.2 form specifically provides a deadline by which the parties may seek leave to conduct discovery.  App. F.2 at Part 6(b).  Consequently, in an appropriate case and on an appropriate showing, a party involved in an ERISA case and subject to the F.2 form may obtain any necessary discovery. The mere use of the F.2 form is not a deprivation of due process; that determination can only be made after there has been a request for discovery and in view of the ruling on that request.  <u>See</u> <u>Murphy</u>, 619 F.3d at 1164.

The plaintiff also argues that use of the F.2 form would deprive him of his "Constitutional right to a jury trial . . . on his benefits claims" under § 1132(a)(1)(B).  Motion [Doc. # 25] at p. 2.  The plaintiff's argument that he is entitled to a jury trial on his benefits claim has been conclusively rejected by the Tenth Circuit Court of Appeals:

> This court, along with several of our sister circuits, has concluded that the Seventh Amendment guarantees no right to a jury trial in a § 1132(a)(1)(B) action for benefits. . . .
>
> The Seventh Amendment preserves the right of a trial by jury in Suits at common law, where the value in the controversy shall exceed twenty dollars. . . .  The Seventh Amendment applies to actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty.  To determine whether a particular statutory action more closely resembles an 18th century case tried in a court of law or one tried in a court of equity, we must examine both the nature of the statutory action and the

> remedy sought. The more important factor is whether the remedy sought is legal or equitable in nature.
>
> Applying this standard, we conclude that the plaintiffs' § 1132 (a)(1)(B) action was equitable in nature because the threshold determination of whether Plaintiffs were eligible to receive assets held in trust by the Defendants . . . must be guided by principles of trust law. The remedy sought, which was the recovery of benefits, was also equitable because it was better characterized as equitable/restitutionary versus legal/compensatory relief.
> \* \* \*
> [I]t is not surprising, given ERISA's trust law antecedents, that courts consistently have characterized ERISA actions, including § 1132(a)(1)(B) actions, akin to common law trust actions and thus governed by common law trust principles. Framed in this light, we have decided that the proper common law analogue for a § 1132 (a)(1)(B) claim for benefits is an action to enforce a trust, which at common law was an equitable action given that the courts of equity had exclusive jurisdiction over virtually all actions by beneficiaries for breach of trust. . . . Accordingly, given the equitable nature of [the plaintiff's] claims, [she] has no right to a jury trial on her § 1132(a)(1)(B) action for benefits.

Graham v. Hartford Life & Accident Ins. Co., 589 F.3d 1345, 1355-57 (10th Cir. 2009) (internal quotations and citation omitted).

The plaintiff argues that the Supreme Court's recent decision in Cigna Corp. v. Amara, 131 S. Ct. 1866 (2011), compels a different result. Amara does not directly address the right to a jury trial. Instead, it concerns whether a court may reform an ERISA plan under § 1132 (a)(1)(B), where the statute speaks only in terms of "'*enforc[ing]*' the 'terms of the plan,' not of *changing* them." Id. at 1877 (original emphasis). Regardless, I am not asked to determine whether the plaintiff is entitled to a jury trial; the question before me is whether to use the F.2 form of scheduling order. It is likely, although not a certainty, that this case will be resolved on dispositive motions and without the need for a trial. If, however, as the plaintiff argues, some fact issue exists which precludes determination as a matter of law, the case may then be set for

trial, either to the court or to a jury as the district judge may determine. The mere use of the F.2 form does not preclude a trial or a jury trial.

On balance, and in view of the successful use of the F.2 form in many other similar ERISA cases, I conclude that the matter should be scheduled using the F.2 form.

IT IS ORDERED:

(1)   The Motion [Doc. # 25] is DENIED.

(2)   The case is set for a supplemental scheduling conference on **October 20, 2011, at 8:30 a.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. The parties shall prepare a proposed scheduling order using the F.2 form and submit it to the court no later than **October 13, 2011**

Dated September 30, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge