**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  11-CV-00403-WJM-BNB

JAY CLEARY,

Plaintiff,

v.

THE BOEING COMPANY EMPLOYEE HEALTH AND WELFARE BENEFIT PLAN (PLAN 503);
UNITED LAUNCH ALLIANCE WELFARE BENEFITS PLAN FOR HERITAGE BOEING EMPLOYEES; and
UNITED LAUNCH ALLIANCE ADMINISTRATIVE COMMITTEE;

Defendants.

---

**STIPULATED PROTECTIVE ORDER RE: CONFIDENTIALITY**

---

In this action (the "Litigation") the parties expect the disclosure of Confidential Information (as defined in paragraph 1 below).  The disclosure of such Confidential Information outside of this Litigation could result in significant injury to one or more of the parties' business or privacy interests.  Accordingly, pursuant to F.R.C.P. 26(c) and by agreement of the undersigned counsel, the parties hereby provide for the designation of information, documents, and other things as Confidential Information subject to this Protective Order.

IT IS HEREBY ORDERED that:

1. "Confidential Information" means any document, file, portion of file, transcribed testimony, medical record, or response to a discovery response, including any portion, abstract, chart, summary, note or copy made there from-not made available to the public

and designated by one of the parties in the manner provided in paragraph 2 below, produced by any party to the Litigation whether voluntary or through formal discovery, which consists of any confidential financial or medical information or information which is proprietary or confidential in nature.

2. Whenever a party to this Litigation designates any document, discovery response, deposition testimony or any other information furnished by that party (the Producing Party) to any other party (the Receiving Party), that information (Designated Information), as Confidential Information, it will be kept as discussed below.  Any designation shall be made only upon the Producing Party's good faith belief that the material constitutes proprietary information, confidential personnel information, confidential medical information, confidential financial information trade secrets or deemed confidential for other bona fide reasons.  Information shall be designated as Confidential Information by:

   a. imprinting the word "confidential" on the first page or cover of any document produced; or
   b. imprinting the word "confidential" next to or above any response to request for discovery; or
   c. designating any transcribed, videotaped, or otherwise recorded testimony by giving written notice to opposing counsel that such portions are "confidential" no later than thirty (30) calendar days after receipt of the transcribed testimony.

3. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portion thereof shall be designated as containing Confidential Information and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as containing "Confidential Information" after transcription, provided written notice of the designation is promptly given to all counsel of record within (30) days after notice by the court reporter of the completion of the transcript.

4. All Confidential Information shall be subject to the following restrictions:

   a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

   b. It may be disclosed only to "Qualified Persons," as that term is defined in Paragraph (c) below. All Qualified Persons receiving Confidential Information shall be bound by the terms of this Stipulated Protective Order.

   c. Confidential Information may be disclosed to or made available by counsel of record for the Receiving Party only to Qualified Persons. For the purpose of this Agreement, the term "Qualified Persons" means:

      i. This Court (and any appellate court), including court personnel, jurors and alternate jurors;

      ii. court reporters;

      iii. inside and outside counsel to the named parties to the Litigation, associate attorneys, paralegals, clerical, secretarial, and other staff employed by such counsel, or copy service personnel responsible for copying documents or materials in connection with the Litigation, who such counsel shall determine have a need for access to such information.

      iv.    the parties or the officers, employees, or principals of a party, who are actually assisting counsel in the consideration or prosecution of the claims, or the defense thereof, asserted in the Litigation.

      v.    persons identified in a document designated as "Confidential" as an author of the document in part or in whole, or persons to whom a copy of such document was sent prior to its production in the Litigation;

      vi.    anticipated and actual deponents and anticipated and actual trial fact witnesses other than the named parties to the Litigation; and

      vii.    independent outside experts, advisors or consultants (other than employees, officers, or directors of any party) retained by counsel of record in the Litigation for the sole purpose of the Litigation.

Prior to any disclosure of Confidential Information to any Qualified Person defined in paragraphs c(iv), c(vi) and c(vii), counsel of record for the party proposing to make such disclosure shall ensure that a copy of this Stipulated Protective Order has been delivered to such person, and shall obtain that person's written agreement to be bound by the terms of this Stipulated Protective Order and consent to the Court's jurisdiction for purposes of enforcing this Stipulated Protective Order. The requirements of obtaining such written agreement may be satisfied by obtaining the signature of any such person on a copy of Exhibit A to this Stipulated Protective Order, after having had such person read this Stipulated Protective Order and having explained the contents to such person.

5.    This Order shall not expend or limit the rights of any party to demand additional information during the course of discovery on any grounds. Subject to the Producing Party seeking relief from the Court as provided in paragraph 7, this Protective Order shall

      not inhibit the dissemination or use of any designated information if that information has been or is obtained by the Receiving Party from public sources, or from sources other than the Producing Party under circumstances that place no restriction on the use or disclosure of the information by the Receiving Party.

6. Use of Confidential Information in any proceeding related to the Litigation will not cause such information to lose its designation as Confidential Information, and the parties shall take all steps reasonably required to protect such confidentiality against misuse. Pending resolution of the matter, an item designated Confidential under this Protective Order shall be treated in accordance with its designated status as such.

7. If the Receiving Party objects to the designation of certain information as Confidential Information, he or she shall inform the other party's counsel in writing of the specific grounds of objection to the designation. The written notice shall identify the information to which the objection is made. All counsel shall attempt to resolve the dispute in good faith. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, the party designating the information as confidential will file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter

       be treated as confidential in accordance with this Stipulated Protective Order. If a motion is filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for treating the disputed information as Confidential Information under this Stipulated Protective Order the disputed information to be treated as confidential.

8. In the event it is necessary for the parties to file Confidential Information with the Court in connection with any proceeding or motion, the parties will first confer about the necessity of filing such information, whether other methods can be used to protect the information from public disclosure, and whether the Confidential Information shall be filed under seal.  This includes any pleadings or briefs filed by the parties that either quote or discuss the contents of Confidential Information.

9. **Any request to restrict access to materials filed with the court must comply with the requirements of D.C.COLO.LCivR 7.2.**  ~~Following conferral about the disclosure of Confidential Information, should the parties not agree to measures to keep such Confidential Information confidential, the parties agree not to file the document, but instead to provide it to the court for in camera review.~~

10. If any party inadvertently discloses or produces information subject to a claim of confidentiality, attorney-client privilege or work product protection ("Inadvertently Disclosed Information"), the disclosure or production of the Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture of any claim of confidentiality, privilege or work product protection that the Producing Party would

        otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter. If a party discloses Inadvertently Disclosed Information, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified. Either the party claiming the inadvertent disclosure or the receiving party may resend the information to court under seal for a determination of the claim within thirty (30) days of its notice. If the notifying party does not present the information to the court under seal for determination within thirty (30) days the claim is waived. The Producing Party must preserve the information until the claim is resolved.

3. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Stipulated Protective Order, and this Court shall retain continuing jurisdiction to enforce the terms of this Stipulated Protective Order.

4. By agreeing to the entry of this Stipulated Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

5. By entering into this Stipulation, the parties do not agree that any documents designated "Confidential" may be used as trial exhibits with or without such designation. The parties reserve this issue for resolution by the Court at a later date.

6. Upon termination of this Litigation, including any appeals, each party's counsel shall immediately destroy or return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, or copies made there from.

7. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under F.R.C.P. Rule 26, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

8. The parties and any other person subject to the terms of this Stipulated Protective Order agree that this Court shall have and retain jurisdiction over it and after this Litigation is terminated for the purpose of enforcing this Order.

9. The parties to this Stipulated Protective Order may change its terms by mutual agreement in writing subject to approval by the Court.

Dated September 4, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

**Stipulated and Agreed to by:**

KENNEDY CHILDS P.C.

s/ *Alison Sorkin*

_____
Dean McConnell Esq., #18917
Alison C. Sorkin, Esq. #41674
633 17th Street, Suite 2200
Denver, CO   80202
Telephone:  (303) 825-2700
Fax:  (303) 825-0434
dmcconnell@kennedychilds.com
asorkin@kennedychilds.com
*Attorneys for Defendant United Launch Alliance Welfare Benefits Plan for Heritage Boeing Employees; and United Launch Alliance Administrative Committee*

s/ *Brian A. Murphy*

_____
Brian A. Murphy, Esq.
P.O. Box 271048
Louisville, Colorado 80027
brian@brianmurphy.net
*Attorney for Plaintiff*

s/ *Franz Hardy*

_____
Franz Hardy, Esq.
Ross Allen Hoogerhyde, Esq.
Gordon & Rees, LLP-Denver
555 17th Street, Suite 3400
Denver, CO 80202
fhardy@gordonrees.com
rhoogerhyde@gordonrees.com
*Attorneys for Defendant The Boeing Company Employee Health and Welfare Benefit Plan (Plan 503);*

## **EXHIBIT A**

ACKNOWLEDGMENT OF RECEIPT OF CONFIDENTIALITY STIPULATION

I acknowledge that I have received a copy of the Stipulated Protective Order dated _____, 2012 in Civil Action No. 11-CV-00403-WJM-BNB, *Jay Cleary v. the Boeing Company Employee Health and Welfare Benefit Plan (Plan 503); United Launch Alliance Welfare Benefits Plan for Heritage Boeing Employees; and United Launch Alliance Administrative Committee*. I have read that Confidentiality Stipulation, I understand it, and I agree abide by its terms as they relate to me.

I further acknowledge that, under the terms of that Confidentiality Stipulation, I am not to disclose any Confidential Information that has been provided to me in this action, and that I am not to use any such Confidential Information for any purpose other than for this civil action. I understand that if I violate any term of that Confidentiality Stipulation, I may be subject to sanctions by the court.

DATED this _____ day of _____, 20 ___

BY: _____
   (Printed Name)

   _____
   (Signature)