IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00403-WJM-BNB

JAY CLEARY,

Plaintiff,

v.

THE BOEING COMPANY EMPLOYEE AND WELFARE BENEFIT PLAN (PLAN 303),
UNITED LAUNCH ALLIANCE WELFARE BENEFITS PLAN FOR HERITAGE BOEING EMPLOYEES, and
UNITED LAUNCH ALLIANCE ADMINISTRATIVE COMMITTEE,

Defendants.
_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion for Leave to Conduct Discovery Regarding the Existence and Extent of Any Conflict of Interest** [Doc. # 100, filed 8/31/2012] (the "Motion for Discovery"), which is DENIED.

This is an ERISA action brought to challenge the denial of the plaintiff's claim for short term and long term disability benefits. Amended Scheduling Order [Doc. # 93] at p. 2. The administrative record was submitted on November 21, 2011. The plaintiff now seeks to serve "83 interrogatories on each Plan Defendant" and conduct "a Rule 30(b)(6) deposition of Aetna, and perhaps of the Plans themselves, and to depose some of the individuals involved in denying Plaintiff's claim to determine the extent to which any conflict of interest actually impacted their claim review and decision making." Motion [Doc. # 100] at p. 4. The discovery is necessary, according to the plaintiff, "to determine if 'a structural conflict has morphed into an actual conflict.'" Id. (citing Murphy v. Deloitte & Touche Group Ins. Plan, 619 F.3d 1151, 1161 (10th

Cir. 2010)).

Murphy is the controlling authority in this circuit concerning discovery in an ERISA case. There, the Tenth Circuit Court of Appeal ruled:

> [W]e conclude that our case law prohibits courts from considering materials outside the administrative record where the extra-record materials sought to be introduced relate to a claimant's eligibility for benefits. Our cases and the Supreme Court's decision in [Metropolitan Life Ins. Co. v.] Glenn, [554 U.S. 105 (2008)], however, contemplate that this general restriction does not conclusively prohibit a district court from considering extra-record materials related to an administrator's dual role conflict of interest. Therefore, discovery related to the scope and impact of a dual role conflict of interest may, at times, be appropriate. . . .
>
> [Glenn] commands that we not create any special rules for discovery related to a dual role conflict of interest. Instead, we must apply Federal Rule of Civil Procedure 26(b) to discovery requests seeking information related to a dual role conflict of interest, just as we would apply that rule to other discovery requests.
>
> Although Rule 26(b) will govern these (and other) discovery requests in ERISA cases, we emphasize that neither a claimant nor an administrator should be allowed to use discovery to engage in unnecessarily broad discovery that slows the efficient resolution of an ERISA claim. In fact, . . . discovery related to a conflict of interest may often prove inappropriate.
>
> In exercising its discretion over discovery matters under Rule 26(b), district courts will often need to account for several factors that will militate against broad discovery. First, while a district court must always bear in mind that ERISA seeks a fair and informed resolution of claims, ERISA also seeks to ensure a speedy, inexpensive, and efficient resolution of those claims. . . . And while discovery may, at times, be necessary to allow a claimant to ascertain and argue the seriousness of an administrator's conflict, Rule 26(b), although broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition. The party moving to supplement the record or engage in extra-record discovery bears the burden of showing its propriety.

> Second, in determining whether a discovery request is overly costly or burdensome in light of its benefits, the district court will need to consider the necessity of discovery. For example, the benefit of allowing detailed discovery related to the administrator's financial interest in the claim will often be outweighed by its burdens and costs because the inherent dual role conflict makes that financial interest obvious or substantive evidence supporting denial of a claim is so one-sided that the result would not change even giving full weight to the alleged conflict. Similarly, a district court may be able to evaluate the effect of a conflict of interest on an administrator by examining the thoroughness of the administrator's review, which can be evaluated based on the administrative record.

Murphy, 619 F.3d at 1162-63 (internal quotations and citations omitted except as noted).

This case is a textbook example of the abuse of discovery which the court in Murphy warned against.

First, the plaintiff has used multiple attempts to obtain discovery to unreasonably delay the determination of the case. The case was filed on February 17, 2011. It initially was set for a scheduling conference on May 5, 2011. The plaintiff failed to use the scheduling order form designated by the court for ERISA actions, see D.C.COLO.LCivR App. F.2, and submitted instead the form used in general civil actions. [Proposed] Scheduling Order [Doc. # 19]. I allowed the plaintiff an opportunity to brief the issue of which form was appropriate. Order [Doc. # 21]. The plaintiff argued that use of the court's ERISA form would deprive him of his "constitutional right to due process, including rights to discovery and a public trial in open court regarding all disputed issues of fact." Motion to Use the Appendix F.1 Scheduling Order Form [Doc. # 25] at p. 2. I denied the plaintiff's request to use the general civil action scheduling order form, citing Murphy and noting that "[d]iscovery may be allowed under certain circumstances . . . and the F.2 form specifically provides a deadline by which the parties may

seek leave to conduct discovery." Order [Doc. # 50] at p. 2 (citing D.C.COLO.LCivR App F.2 at Part 6(b)). A Scheduling Order [Doc. # 53] finally was entered on October 20, 2011.

On December 5, 2011, the plaintiff filed a Motion for Discovery [Doc. # 58] claiming a need for discovery to uncover potential fraud by the defendants:

> Plaintiff needs to conduct discovery, including depositions, interrogatories, requests for production of documents, and requests for admission in order to discover who has lied to Plaintiff about the applicable Plan documents, to determine the actual plan provisions which apply to Plaintiff's claim, and to determine the proper remedies for the misrepresentations which have been made.

Id. at ¶6. I granted the Motion for Discovery, but only to allow the plaintiff to serve a subpoena duces tecum and Rule 30(b)(6) deposition notice "in order to determine the actual plan provisions which apply to the plaintiff's claims and the identities of the proper Plan, Plan Sponsor, and Plan Administrator. . . ." Order [Doc. # 68] at p. 2. I ordered that the discovery be completed by February 17, 2012. Id. I did not allow the extensive (and unnecessary) discovery sought by the plaintiff in the form of multiple depositions and interrogatories, production requests, and admission requests.

The plaintiff amended his complaint on March 19, 2012. Amended Complaint [Doc. # 79]. An Amended Scheduling Order was entered on June 20, 2012. Amended Scheduling Order [Doc. # 93]. The plaintiff filed the instant Motion for Discovery on August 31, 2012, the last day permitted under the Amended Scheduling Order. Motion for Discovery [Doc. # 100] at p. 2.

I find that the plaintiff's tactics concerning repeated attempts to take extensive and unnecessary discovery in this ERISA action have frustrated ERISA's purpose to "ensure a speedy, inexpensive, and efficient resolution of [the plaintiff's] claims." Murphy, 619 F.3d at 1163.

Of course it is true that "at times" it may be "necessary to allow a claimant to ascertain and argue the seriousness of an administrator's conflict." Id.; accord Carberry v. Metropolitan Life Ins. Co., 2010 WL 1435543 *3 (D. Colo. 2010)(allowing "limited discovery narrowly directed at the conflict of interest issue" arising from the dual role as insurer and claim administrator). Here, however, the plaintiff requests sweeping discovery in the form of "83 interrogatories on each Plan Defendant" and "a Rule 30(b)(6) deposition of Aetna, and perhaps of the Plans themselves, and to depose some of the individuals involved in denying Plaintiff's claim to determine the extent to which any conflict of interest actually impacted their claim review and decision making." Motion [Doc. # 100] at p. 4. The requested discovery is unwieldy, burdensome, and a speculative fishing expedition--exactly the kind of discovery not allowed under Fed. R. Civ. P. 26(b) and which the circuit court warned against in Murphy, 619 F.3d at 1163.

Especially important here is the fact that the plaintiff has failed to meet his burden to demonstrate the necessity of discovery. Id. The plaintiff notes in the Motion for Discovery that "Aetna, the claim administrator, was both responsible for deciding Mr. Cleary's claims and for paying that claim if Aetna approved the claim," and that "an actual conflict almost certainly exists. . . ." Motion for Discovery [Doc. # 100] at p. 3. He fails to address why further discovery is necessary in view of the obviousness of the dual role conflict. Murphy, 619 F.3d at 1163 (noting that "the benefit of allowing detailed discovery related to the administrator's financial interest in the claim will often be outweighed by its burdens and costs because the inherent dual role conflict may be obvious"). Nor does the plaintiff point to anything in the administrative record concerning the administrator's lack of thoroughness which might give rise

5

to concerns about and the need for discovery concerning the otherwise obvious dual role conflict. Id. (noting that "a district court may be able to evaluate the effect of a conflict of interest on an administrator by examining the thoroughness of the administrator's review, which can be evaluated based on the administrative record"). The plaintiff has presented nothing to suggest that the extraordinarily burdensome discovery which it requests is necessary to evaluate the obvious dual role conflict present in this case, and many other cases.

Finally, most of the information sought through the plaintiff's written discovery may be discerned from the administrative record. For example, whether the decision to deny benefits was reviewed by a review board, the members of the review board, and the date of its decision, see Interrogatories 6-8 [Doc. # 100-1], should all be contained in the administrative record, and there is no indication from the plaintiff that it is not. The same is true with respect to whether an investigation of the factual basis for the claim was conducted, the date of the investigation, and the manner of the investigation. Id. at Interrogatories 13-15.

The plaintiff has failed to meet his burden to demonstrate the necessity of the requested discovery.

IT IS ORDERED that the Motion for Discovery [Doc. # 100] is DENIED.

Dated November 15, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge